# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERRY ALTON PARKER, #15381-045, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>FEDERAL BUREAU OF PRISONS )<br>HEALTH SERVICES DIVISION, )<br>MARION PRISON CAMP )<br>MEDICAL STAFF, )<br>RANDELL PASS, )<br>CASEY FRANKS, )<br>LESLEE BROOKS, )<br>PATRICK TROVILLIN, )<br>A. DEATON, and )<br>S. HOLEM, )<br>Defendants. ) | Case No. 18-CV-106-JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This action was originally filed in the United States District Court for the Southern District of Indiana, and was transferred here on January 19, 2018. (Doc. 12). Plaintiff, Terry Alton Parker, is currently housed at the United States Penitentiary in Terre Haute, Indiana ("USP Terre Haute"). Plaintiff's Complaint pertains to his incarceration at the Federal Prison Camp in Marion, Illinois ("Marion"). According to the Complaint, when Plaintiff was incarcerated at Marion, officials failed to provide appropriate treatment for his serious medical condition (heart condition and related pain). Plaintiff contends Defendants are liable pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680, and *Bivens v. Six Unknown Named*

*Agents*, 403 U.S. 388 (1971).[1] In connection with these claims, Plaintiff sues the Federal Bureau of Prisons Health Services Division, Marion Prison Camp Medical Staff, Randell Pass (Medical Provider, Marion), Casey Franks (Medical Provider, Marion), Leslee Brooks (Medical Provider, Marion), Patrick Trovillin (Medical Provider, Marion), A. Deaton (Correctional Officer/Counselor, Marion), and S. Holem (Chaplain, Marion).[2] Plaintiff seeks monetary and injunctive relief.

The case is now before the Court for a preliminary review of the Complaint (Doc. 2) pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

### Request for Injunctive Relief

Plaintiff was housed at Marion from approximately November 2014 through September 2016.[3] On September 10, 2016, prison officials informed Plaintiff he was being transferred to USP Terre Haute, where Plaintiff is presently incarcerated. On October 11, 2017, Plaintiff filed

---

[1] Plaintiff also references the Administrative Procedures Act ("APA"). However, the transferor court dismissed any claim brought pursuant to the APA, finding that the Complaint contained no allegations which would support an APA claim. (Doc. 12, p. 1 n.1).

[2] The Complaint does not include a comprehensive list that identifies each Defendant and provides a description of his or her position. However, after reviewing the Complaint and attached exhibits (332 pages) the Court was able to discern that each of the individually named Defendants is a medical provider, counselor/correctional officer, or chaplain working at Marion. (Casey Franks – Doc. 2, p. 1 and Doc. 2-1, pp. 9, 20, 28, 56, 77; A. Deaton – Doc. 2, p. 1, 4 and Doc. 2-1, p. 70; S. Holem – Doc. 2, p. 1 and Doc. 2-1, p. 48; Randell Pass – Doc. 2, p. 1; Doc. 2-1, pp. 51-63, 75-76, 95-110; Patrick Trovillin – Doc. 2, p. 1, Doc. 2-1, pp. 70, 72, 115, and Doc. 2-2, pp. 5-7; and Leslee Brooks – Doc. 2, pp. 1, 6, Doc. 2-2, pp. 1-3, Doc. 2-1, pp. 65-66).

[3] Plaintiff does not provide an exact date for his arrival at Marion. However, he does state that (1) he spent 22 months at Marion and (2) on September 10, 2016, prison officials informed him he was being transferred to USP Terre Haute. (Doc. 2, p. 8). These facts suggest that Plaintiff was housed at Marion from approximately November 2014 through September 2016.

the instant action.

The Complaint alleges that Marion officials were deliberately indifferent to Plaintiff's heart condition and associated pain. Plaintiff does not direct any specific allegations against officials at USP Terre Haute and none of the Defendants are associated with USP Terre Haute. However, at the close of the Complaint, Plaintiff claims that he is still being denied medical treatment and that he is in need of injunctive relief. Unfortunately, the Court cannot address Plaintiff's request for injunctive relief in this action. As noted above, the events giving rise to this action occurred at Marion and all of Plaintiff's allegations are directed at Marion officials. Indeed, that is the very reason the United States District Court for the Southern District of Indiana transferred the action here. (*See* Doc. 12, p. 2 "Here, the individual defendants, the alleged misconduct, and most of the evidence is located or took place in the Southern District of Illinois."). Thus, Plaintiff's request for injunctive relief is unrelated to the claims at issue in this case and must be denied.

If Plaintiff is presently being denied medical treatment for a serious medical need at USP Terre Haute, he must file a new lawsuit naming as defendants the individuals at USP Terre Haute who are responsible for providing him with care. Plaintiff may then file a Rule 65 motion for a temporary restraining order and/or preliminary injunction in that new action.

## The Complaint

When Plaintiff arrived at Marion, he suffered from a heart condition and had an implanted heart pacemaker. (Doc. 2, p. 2). According to Plaintiff, because of his heart condition and pacemaker, he should have been classified as a "medical level 3," resulting in placement at a facility equipped to handle such medical issues. *Id.* Instead, Plaintiff was classified as a "medical level 2" and was placed at Marion, a facility that Plaintiff alleges was not equipped to

3

handle his serious medical issues. *Id.*

As soon as Plaintiff arrived at Marion, he encountered problems with the medical staff. Unspecified individuals claimed they never received Plaintiff's medical records and/or had thrown them away. (Doc. 2, pp. 2-3). This resulted in a delay in treatment because Marion officials refused to rely on the medical records provided by Plaintiff. (Doc. 2, p. 2). After submitting numerous complaints about issues associated with his heart, "Marion" finally ordered tests. (Doc. 2, p. 3). The tests revealed that Plaintiff's pacemaker was misfiring and that Plaintiff had "blockage gaps." *Id.*

Marion officials referred Plaintiff for treatment with Doctor Mwansa (not a defendant in this action) at the River Clinic in Marion, Illinois. *Id.* Dr. Mwansa performed several tests and all of the results were "bad and serious." *Id.* On February 2, 2015, Dr. Mwansa admitted Plaintiff to the hospital for a heart catheterization. *Id.* The test revealed a triple blockage, known as the LAD widow maker. *Id.* Dr. Mwansa contacted Marion and had Plaintiff transferred by ambulance to St. Francis hospital for an emergency surgery with Dr. Bender.[4]

Plaintiff told Dr. Bender (not a defendant in this action) that a previous physician told him his heart was too weak for surgery, particularly because Plaintiff had, at some point, received radiation treatment. *Id.* According to the Complaint, Dr. Bender then falsified documents to justify the emergency surgery. *Id.* Additionally, with regard to Dr. Bender, Plaintiff complains about the following: (1) he elected to perform a double bypass instead of a triple bypass; (2) he rushed Plaintiff's surgery; (3) he performed the surgery improperly; and (4) he failed to close Plaintiff's chest properly. *Id.*

---

[4] Plaintiff also claims that Dr. Mwansa falsified records in connection with his heart catheterization. (Doc. 2, p. 3). However, Dr. Mwansa is not a defendant in this action. Accordingly, the Court will not delve any further into the claims regarding Dr. Mwansa's alleged misconduct.

4

Two months after Plaintiff's double bypass, he had a second heart surgery. (Doc. 2, p. 8). The procedure was performed by Dr. Mwansa and involved a stent repair. (Doc. 2, p. 5). Plaintiff claims that the incision from this surgery never healed properly and causes constant pain. (Doc. 2, pp. 5, 8).

According to the Complaint, while at Marion (before, during, and after his surgeries), medical officials repeatedly exhibited deliberate indifference to Plaintiff's heart condition and associated pain. (Doc. 2, pp. 4-8). For instance, after his first surgery, Plaintiff claims he was forced to walk long distances in ice and snow and to walk up and down stairs – all against doctors' orders. (Doc. 2, p. 4). He also claims that Marion officials (1) refused to give him pain medication, as prescribed by Dr. Bender (Doc. 2, p. 4); (2) repeatedly ignored his complaints about ongoing pain, loose wires in his chest, and other troubling symptoms (Doc. 2, pp. 2-8); (3) knew he had received a double bypass when, in fact, he needed a triple bypass (Doc. 2, p. 5); (4) ignored problems relating to a severely swollen ankle (Doc. 2, p. 7); and (5) failed to send Plaintiff to follow-up appointments in a timely manner (Doc. 2, p. 7). However, with few exceptions, Plaintiff's deliberate indifference allegations are not directed at any specific individual. Instead, these claims are directed at "FPC Marion," "staff," and/or "they."

Plaintiff does direct specific allegations against two Defendants: (1) Leslee Brooks (Physician's Assistant) and (2) A. Deaton (Correctional Officer/Counselor). Plaintiff alleges that, on one occasion, Deaton told Plaintiff he should not have notified his family about his surgery because "heart surgery was no big deal." (Doc. 2, p. 4). Plaintiff alleges that Brooks repeatedly exhibited deliberate indifference to his serious medical condition in the following ways: (1) ignoring Plaintiff's requests for pain medication; (2) ignoring Plaintiff's complaints

5

about being dizzy and short of breath; (3) ignoring Plaintiff's complaints about ongoing pain at the incision site; (4) ignoring Plaintiff's concerns about his pacemaker; and (5) delaying treatment and/or providing inadequate treatment. (Doc. 2, pp. 6-8).

## Dismissal of Certain Defendants

**Marion Prison Camp Medical Staff**

Plaintiff has named Marion Prison Camp Medical Staff as a defendant. This is not sufficient. Plaintiff must identify a particular individual (not a group of individuals) who deprived Plaintiff of his constitutional rights. That is because plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Twombly*, 550 U.S. at 555; FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included a specific defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).[5]

Accordingly, Marion Prison Camp Medical Staff shall be dismissed from this action with prejudice.

**Federal Bureau of Prisons Health Services Division**

Plaintiff has named the Federal Bureau of Prisons Health Services Division as a defendant. This Defendant, a division of a federal agency, is not a proper defendant in an FTCA action or a *Bivens* action. *See FDIC v. Meyer*, 510 U.S. 471, 483-486 (1994) (federal agencies

---

[5] Group defendants also create problems with service of process. *See Jenkins v. Wisconsin Res. Ctr.*, No. 09-CV-323-BBC, 2009 WL 1797849, at *1 (W.D. Wis. June 24, 2009) (a group of people cannot be sued; each defendant must be an individual or legal entity that may accept service of a complaint) (citing FED. R. CIV. P. 4(e)-(j)).

are not subject to suit for damages under *Bivens*); *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008) (United States is the only proper defendant in an FTCA action).

Accordingly, the Federal Bureau of Prisons Health Services Division shall be dismissed from this action with prejudice.

**Defendants Not Referenced in the Complaint**

Pass, Franks, Trovillin, and Holem are identified as defendants in the case caption and are referenced in some of the exhibits. However, none of these individuals are referenced in the body of the Complaint. This is insufficient. *See Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir. 1998) (merely naming a defendant in the caption is insufficient to state a claim); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints.").

Accordingly, Pass, Franks, Trovillin, and Holem shall be dismissed from this action without prejudice.

## Division of Counts

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice.

**Count 1:** Federal Tort Claim seeking compensation for the injuries Plaintiff sustained, in connection with his heart condition, as a result of the negligence of prison officials at Marion.

**Count 2:** Eighth Amendment claim against Brooks for deliberate indifference to Plaintiff's serious medical condition (heart condition and related pain)**.**

**Count 3:** Eighth Amendment claim against unnamed Marion medical providers for deliberate indifference to Plaintiff's serious medical condition (heart condition and related pain).

**Count 4:** Claim against Deaton for telling Plaintiff heart surgery is not a "big deal" and for suggesting Plaintiff should not have contacted his family about the same.

## Count 1

The FTCA explicitly authorizes "civil actions on claims against the United States, for money damages ... for ... personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). Under the FTCA, "federal inmates may bring suit for injuries they sustain in custody as a consequence of the negligence of prison officials." *Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014). However, the United States is the only proper defendant in an FTCA action. *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008); *Hughes v. United States*, 701 F.2d 56, 58 (7th Cir. 1982). *See* 28 U.S.C. § 2679(b).

Plaintiff did not name the United States as a party in the Complaint, and the Court will not add this party. *See Myles v. United States*, 416 F.3d 551 (7th Cir. 2005). In order to make someone a party, Plaintiff, not the Court, must name them in the case caption. *See Myles,* 416 F.3d at 551-52 (citing FED. R. CIV. P. 10(a) ("In the complaint, the title of the action shall include the names of all the parties")). Plaintiff chose not to name the United States as a defendant in this action, and the Court will not undertake the task of deciding who Plaintiff sues. The Court

leaves this decision to Plaintiff. Accordingly, Plaintiff's FTCA claim is dismissed without prejudice.

**Count 2**

Prison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to the serious medical needs of prisoners. *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976). To state a claim for deliberate indifference for deficient medical care, the plaintiff "must allege an objectively serious medical condition and an official's deliberate indifference to that condition." *Perez* v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015). Deliberate indifference includes disregarding an inmate's complaints of chronic pain. *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

Obviously, Plaintiff's heart condition and associated pain constitute an objectively serious condition. Plaintiff has also sufficiently alleged that Brooks responded with deliberate indifference to that condition. Plaintiff claims that Brooks failed to treat and/or ignored his complaints about constant pain in his heart, left arm, and incision site. (Doc. 2, p. 6). He also alleges that Brooks ignored his complaints about feeling dizzy and being short of breath. *Id.* These allegations are sufficient, at this early stage, to allow Count 2 to proceed as to Brooks.

**Count 3**

The Complaint suggests that other medical providers at Marion may have responded with deliberate indifference to Plaintiff's serious medical needs. However, these claims are not associated with any particular individual. Throughout the Complaint, Plaintiff fails to identify the specific provider or providers who denied or delayed his medical care and/or who provided

9

inadequate medical care. Accordingly, as pled, the Complaint fails to state a deliberate indifference claim as to any other official at Marion, and Count 3 shall be dismissed without prejudice.

**Count 4**

The Complaint suggests that, on a single occasion, Deaton's conduct may have been insensitive or unprofessional. But, this is not enough to state a constitutional claim. *See De Walt v. Carter*, 224 F.3d 607, 612 (7th Cir.2000) (rude language or verbal harassment by a state actor "while unprofessional and deplorable, does not violate the Constitution."). Accordingly, Count 4 shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**Disposition**

**IT IS HEREBY ORDERED** that **MARION PRISON CAMP MEDICAL STAFF** and **FEDERAL BUREAU OF PRISONS HEALTH SERVICES DIVISION** are **DISMISSED** from this action with prejudice. The Clerk of the Court is **DIRECTED** to terminate these Defendants as parties in CM/ECF.

**IT IS FURTHER ORDERED** that **PASS, FRANKS, TROVILLIN,** and **HOLEM** are **DISMISSED** from this action without prejudice. The Clerk of the Court is **DIRECTED** to terminate these individuals as parties in CM/ECF.

**IT IS FURTHER ORDERED** that **COUNTS 1, 3,** and **4** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. In connection with the dismissal of **COUNT 4**, the Clerk of the Court is **DIRECTED** to terminate **DEATON** as a party in CM/ECF.

**IT IS FURTHER ORDERED** that **COUNT 2** shall receive further review as to **BROOKS.**

**IT IS FURTHER ORDERED** that, as to **COUNT 2**, the Clerk of Court shall prepare for **BROOKS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require that Defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: February 12, 2018**

*s/ J. Phil Gilbert*
**United States District Court**