IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERRY ALTON PARKER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:18-cv-106-JPG-RJD ) |
| LESLEE BROOKS, | ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

**DALY, Magistrate Judge:**

Plaintiff Terry Alton Parker, an inmate in the custody of the United States Bureau of Prisons ("BOP"), brings this action pursuant to the Federal Tort Claims Act and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), alleging that officials at the Federal Prison Camp in Marion, Illinois ("Marion") failed to provide appropriate treatment for his serious heart condition and related pain. Following an initial screening of the Complaint pursuant to 28 U.S.C. §1915A, Plaintiff was allowed to proceed on an Eighth Amendment deliberate indifference claim against Defendant Leslee Brooks.

Prior to Defendant Brooks filing an answer or otherwise responding to his Complaint, Plaintiff submitted a proposed amended complaint. His filing was docketed as a motion for leave to amend (*see* Doc. 25). Under Rule 15(a), Plaintiff's proposed amended complaint should have been filed as a matter of course. As such, the Court will conduct another threshold review pursuant to § 1915A, as required in this circumstance. As set forth in the Court's initial threshold order, under § 1915A, the Court is required to screen complaints filed by prisoners and "identify cognizable claims or dismiss the complaint, or any portion of the complaint" if the complaint "is

frivolous, malicious, or fails to state a claim upon which relief may be granted" or if it "seeks monetary relief from a defendant who is immune from such relief."

Generally, the allegations set forth in the Court's initial threshold order remain substantially similar; thus, the Court declines to recount the allegations set forth in the Amended Complaint. Plaintiff, however, names as Defendants the United States of America, the Federal Bureau of Prisons Health Services Division, Randell Pass, Casey Franks, Patrick Trovillin, Caleb Meyer, and Karen Waggoner, along with Leslee Brooks, the only Defendant currently named in this action. At the outset, the Court notes that Plaintiff's attempt to name the Federal Bureau of Prisons Health Services Division is futile and improper. As stated in the initial threshold order, this defendant, a division of a federal agency, is not a proper defendant in an FTCA action or a *Bivens* action. As such, the Federal Bureau of Prisons Health Services Division was dismissed with prejudice. This ruling still controls and to the extent necessary, the Court reaffirms that this defendant is dismissed with prejudice.

Upon review of the Amended Complaint, the Court finds that Plaintiff has pleaded the following claims:

> Count 1: Federal Tort Claim seeking compensation for the injuries Plaintiff sustained in connection with his heart condition, as a result of the negligence of prison officials at Marion.
>
> Count 2: Eighth Amendment claim against Franks, Pass, Brooks, Trovillin, Meyer, and Waggoner for deliberate indifference to his serious heart condition and related pain.

*Count One*

The Federal Tort Claims Act ("FTCA") is the exclusive avenue for securing monetary damages for the negligence of government employees. *See* 28 U.S.C. § 1346(b)(1); *Couch v. United States*, 694 F.3d 852, 856 (7th Cir. 2013). The United States is the only proper defendant

frivolous, malicious, or fails to state a claim upon which relief may be granted" or if it "seeks monetary relief from a defendant who is immune from such relief."

Generally, the allegations set forth in the Court's initial threshold order remain substantially similar; thus, the Court declines to recount the allegations set forth in the Amended Complaint. Plaintiff, however, names as Defendants the United States of America, the Federal Bureau of Prisons Health Services Division, Randell Pass, Casey Franks, Patrick Trovillin, Caleb Meyer, and Karen Waggoner, along with Leslee Brooks, the only Defendant currently named in this action. At the outset, the Court notes that Plaintiff's attempt to name the Federal Bureau of Prisons Health Services Division is futile and improper. As stated in the initial threshold order, this defendant, a division of a federal agency, is not a proper defendant in an FTCA action or a *Bivens* action. As such, the Federal Bureau of Prisons Health Services Division was dismissed with prejudice. This ruling still controls and to the extent necessary, the Court reaffirms that this defendant is dismissed with prejudice.

Upon review of the Amended Complaint, the Court finds that Plaintiff has pleaded the following claims:

> Count 1: Federal Tort Claim seeking compensation for the injuries Plaintiff sustained in connection with his heart condition, as a result of the negligence of prison officials at Marion.
>
> Count 2: Eighth Amendment claim against Franks, Pass, Brooks, Trovillin, Meyer, and Waggoner for deliberate indifference to his serious heart condition and related pain.

*Count One*

The Federal Tort Claims Act ("FTCA") is the exclusive avenue for securing monetary damages for the negligence of government employees. *See* 28 U.S.C. § 1346(b)(1); *Couch v. United States*, 694 F.3d 852, 856 (7th Cir. 2013). The United States is the only proper defendant

frivolous, malicious, or fails to state a claim upon which relief may be granted" or if it "seeks monetary relief from a defendant who is immune from such relief."

Generally, the allegations set forth in the Court's initial threshold order remain substantially similar; thus, the Court declines to recount the allegations set forth in the Amended Complaint. Plaintiff, however, names as Defendants the United States of America, the Federal Bureau of Prisons Health Services Division, Randell Pass, Casey Franks, Patrick Trovillin, Caleb Meyer, and Karen Waggoner, along with Leslee Brooks, the only Defendant currently named in this action. At the outset, the Court notes that Plaintiff's attempt to name the Federal Bureau of Prisons Health Services Division is futile and improper. As stated in the initial threshold order, this defendant, a division of a federal agency, is not a proper defendant in an FTCA action or a *Bivens* action. As such, the Federal Bureau of Prisons Health Services Division was dismissed with prejudice. This ruling still controls and to the extent necessary, the Court reaffirms that this defendant is dismissed with prejudice.

Upon review of the Amended Complaint, the Court finds that Plaintiff has pleaded the following claims:

> Count 1: Federal Tort Claim seeking compensation for the injuries Plaintiff sustained in connection with his heart condition, as a result of the negligence of prison officials at Marion.
>
> Count 2: Eighth Amendment claim against Franks, Pass, Brooks, Trovillin, Meyer, and Waggoner for deliberate indifference to his serious heart condition and related pain.

*Count One*

The Federal Tort Claims Act ("FTCA") is the exclusive avenue for securing monetary damages for the negligence of government employees. *See* 28 U.S.C. § 1346(b)(1); *Couch v. United States*, 694 F.3d 852, 856 (7th Cir. 2013). The United States is the only proper defendant

Page **2** of **5**

to an FTCA case. *See* 28 U.S.C. § 2679(b). The Bureau of Prisons has a statutory duty to care for prisoners in its custody (18 U.S.C. § 4042(a)(2)). Plaintiff's Amended Complaint states colorable claims regarding the failure of Marion medical staff to properly address and treat Plaintiff's heart condition and related pain. Therefore, Plaintiff shall be allowed to proceed on Count One against the United States of America.

*Count Two*

The Eighth Amendment protects inmates from cruel and unusual punishment. U.S. Const., amend. VIII; *see also Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010). As the Supreme Court has recognized, "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). In order to prevail on such a claim, the plaintiff must first show that his condition was "objectively, sufficiently serious" and second, that the "prison officials acted with a sufficiently culpable state of mind." *Greeno v. Daley*, 414 F.3d 645, 652-53 (7th Cir. 2005) (citations and quotation marks omitted).

Here, Plaintiff's heart condition and related pain constitute an objectively serious medical condition. Plaintiff has also sufficiently alleged that Brooks, Pass, Franks, and Trovillin responded with deliberate indifference to his condition. However, Plaintiff has not adequately alleged deliberate indifference on the part of Meyer or Waggoner. Indeed, Plaintiff merely alleges that he provided Meyer with a list of symptoms when he went to sick call in April 2016 and Meyer represented he would provide the list to Dr. Pass, but no action was taken. Plaintiff also alleges that Waggoner indicated she would relay his concerns to staff, but he did not receive any help. These bare assertions, with little detail and no context, are not sufficient to state a claim against either Meyer or Waggoner. Accordingly, these defendants are dismissed without prejudice.

For these reasons, **IT IS HEREBY ORDERED** that Federal Bureau of Prisons Health Services Division is **DISMISSED WITH PREJUDICE** and that Meyer and Waggoner are **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court is directed to file Plaintiff's proposed amended complaint as the First Amended Complaint.

**IT IS FURTHER ORDERED** that Count 1 shall proceed against the United States of America and Count 2 shall proceed against Randell Pass, Casey Franks, Leslee Brooks, and Patrick Trovillin. The Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on Defendants United States of America, Randell Pass, Casey Franks, and Patrick Trovillin; the Clerk shall issue the completed summons. The United States Marshal **SHALL** serve Defendants United States of America, Randell Pass, Casey Franks, and Patrick Trovillin pursuant to Rule 4(e) of the Federal Rules of Civil Procedure. Rule 4(e) provides, "an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or law to receive service of process." All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.

In addition, pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office

of the United States Attorney for the Southern District of Illinois a copy of the summons, the complaint, and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the complaint, and this Memorandum and Order.

**IT IS SO ORDERED.**

**DATED: October 3, 2018**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**
